# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM O. KIRK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV-13-1315-R |
| CITY OF OKLAHOMA CITY, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion for Summary Judgment filed by Defendant City of Oklahoma City. Doc. No. 17. Plaintiff failed to respond to this motion. Despite this, the Court has still considered the motion, as well as its supporting evidence, and the Court finds that this motion should be GRANTED.

## I. Background

Plaintiff William O. Kirk is no stranger to the Oklahoma City Code Enforcement Division. Over the past several years, Plaintiff has received at least three parking citations, along with at least seven notices of violation, relating to the various violations of city code at his residence. Two of the three identified parking citations were issued to Plaintiff because he parked his vehicles on his yard in violation of City Ordinance § 59-10250.8. And the remaining identified parking citation was issued to Plaintiff because he had a "derelict vehicle" parked on the street in front of his house in violation of City Ordinance § 32-318. The seven identified notices of violation, which carried no fines or penalties but instead advised Plaintiff to correct the defective conditions on his property, were issued to Plaintiff for a number of reasons: (1) his garage door hardware was in bad

repair in violation of City Ordinance § 24-111; (2) the windows on his garage door were broken in violation of City Ordinance § 24-109; (3) the boat trailer parked in his driveway lacked necessary maintenance in violation of City Ordinance § 35-37; (4) the Cadillac sedan parked in his driveway had an expired tag in violation of City Ordinance § 35-37; (5) his garage door was not weather-tight in violation of City Ordinance § 24-111; (6) the boat in his driveway lacked necessary maintenance and had an expired tag in violation of City Ordinance § 35-37; and (7) the Cadillac sedan parked in his driveway lacked necessary repairs and maintenance and had an expired tag in violation of City Ordinance § 35-37.

According to Charles Locke, the supervisor of Defendant's Code Enforcement Division, Defendant's Code Enforcement Officers issued 10,585 parking citations for vehicles illegally parked on unpaved yards between July 1, 2012 and June 30, 2013. And further, 1,680 notices of violation were issued for "inoperable/junk vehicles as defined in Ordinance § 35-36, such as the Cadillac sedan and boat/boat trailer in Plaintiff's driveway" during the calendar year 2013. Doc. No. 17, at 11 (citing Ex. 5 & Att. E).

Importantly, Defendant's officers primarily only act once Defendant has received reports of code violations through its call center. And numerous complaints pertaining to Plaintiff's code violations have been received through the call center over the years. Although not all of these complaints led to any action by Defendant's officers, several of these complaints resulted in Plaintiff receiving either citations or notices of violation.

Based upon his receipt of the identified citations and notices of violation, Plaintiff has sued Defendant for violation of both his Fourth Amendment and Fourteenth

Amendment rights. Plaintiff has also apparently sought collateral review of the fines he was assessed for his citations, and Plaintiff has asked for $500,000 in punitive damages for Defendant's actions. As previously stated, Defendant has moved for summary judgment with regard to all of Plaintiff's claims, and Plaintiff failed to respond to Defendant's motion.

## II. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202, 204 (10th Cir. 1977) (citations omitted). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Instead, the Court must first determine that "judgment for the moving party is 'appropriate' under Rule 56." *Id.* Because Plaintiff failed to respond to Defendant's motion, "[t]he court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* And if those facts entitle Defendant to summary judgment, the Court should grant Defendant's motion. *Id.* (citations omitted).

## III. Fourth Amendment Claim

Regarding his Fourth Amendment claim, Plaintiff's Complaint states that his "4th Amendment rights of protection from illegal search has [sic] been violated, and thus [his] right to privacy." Doc. No. 1, at 1. The Court understands Plaintiff's claim to be that his Fourth Amendment rights were violated when Defendant's officers went onto his property to issue the parking citations and notices of violation. But this is not so.

Based upon the material facts asserted and properly supported by Defendant's motion, when Defendant's officers issued the citations and notices of violation, they merely went onto areas of Plaintiff's property where visitors could be expected to go, such as his driveway, front yard, and front porch. "'[W]hen the police come on to private property to conduct an investigation . . . and restrict their movements to places visitors could be expected to go (e.g. walkways, driveways, porches), observations made from such vantage points are not covered by the Fourth Amendment.'" *United States v. Hatfield*, 333 F.3d 1189, 1194 (10th Cir. 2003) (quoting 1 Wayne R. LaFave, *Search & Seizure: A Treatise on the Fourth Amendment* § 2.3(f), at 506-08 (3d ed. 1996)). Moreover, Plaintiff appears to complain about the fact that Defendant's officers posted citations on his front door. But posting a citation on the front door of a house does not amount to a Fourth Amendment violation. *See Widgren v. Maple Grove Tp.*, 429 F.3d 575, 580-81 (6th Cir. 2005) (citing *Artes-Roy v. City of Aspen*, 31 F.3d 958, 962 (10th Cir. 1994)). Thus, the actions of Defendant's officers in issuing the citations and notices of violation did not violate Plaintiff's Fourth Amendments rights, and Defendant is entitled to summary judgment with regard to this claim.

## IV. Equal Protection Claim

Regarding Plaintiff's equal protection claim, he states that his "14th Amendment right of equal protection of the law [was violated] by [Defendant] issuing several vague, selective, and incoherent citations and parking tickets." Doc. No. 1, at 1. Plaintiff appears to be arguing that he was singled out and treated differently from others similarly situated in his neighborhood when he received the various citations and notices of violation. Such a "class of one" equal protection claim is cognizable where a plaintiff "has been intentionally treated differently from others similarly situated and . . . there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted).

In order to succeed on this claim, Plaintiff "must first establish that others, 'similarly situated in every material respect' were treated differently." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quoting *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1210 (10th Cir. 2006)). Plaintiff must then be able to show that "this difference in treatment was without rational basis, . . . and 'wholly unrelated to any legitimate state activity.'" *Id.* (quoting *Mimics, Inc. v. Vill. of Angel Fire*, 394 F.3d 836, 849 (10th Cir. 2005)).

In his deposition, Plaintiff admitted that he had no evidence that he had been treated differently from others similarly situated in all material respects. Doc. No. 17, Ex. 4, at 18-20. Specifically, Plaintiff testified that he has neighbors that park their vehicles on unpaved yards, and while he speculated that they did so without receiving citations, he had no evidence that anyone complained of their actions with Defendant's call center. In

fact, Plaintiff testified that he had no evidence supporting any of his allegations besides a few pictures of cars parked on unpaved yards that he asserts were located in his neighborhood. This alone establishes that Plaintiff cannot succeed on this claim.

To be sure, Defendant's evidence shows that its officers primarily only act on code violations after they have been brought to Defendant's attention through the call center. And over the years, Defendant has received multiple complaints through this call center regarding the condition of Plaintiff's property. Because evidence exists to establish that Defendant received complaints about Plaintiff, but no evidence exists to establish that Defendant received complaints about Plaintiff's neighbors, this explains any purported difference in treatment between Plaintiff and his neighbors. Moreover, while the first of the ten total identified citations and notices Plaintiff received dates all the way back to 2009, Defendant has shown that between July 1, 2012 and June 30, 2013 alone, its officers issued 10,585 parking citations for vehicles illegally parked on unpaved yards. Additionally, during the 2013 calendar year, Defendant's officers issued 1,680 notices of violation for inoperable vehicles lacking necessary maintenance. These are the same infractions for which Plaintiff was cited. Therefore, it is clear that this is not the type of situation where Plaintiff has been singled out for his actions. It follows that Defendant is entitled to summary judgment with regard to Plaintiff's equal protection claim.

## V. Collateral Review and Punitive Damages

Finally, to the extent Plaintiff is seeking to have this Court collaterally review the fines he was assessed in connection with the citations he received, this is improper. Plaintiff had the opportunity to appeal these fines in municipal court but failed to do so,

and he is now barred from seeking such review. *See Jarrett v. Gramling*, 841 F.2d 354, 357 (10th Cir. 1988); *see also McDowell v. Austin*, 699 P.2d 1100, 1102 (Okla. 1985).

Moreover, Plaintiff's request for $500,000 in punitive damages in connection with his receipt of the parking citations and notices of violation is also improper, as the municipality is immune from punitive damages under *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## VI. Conclusion

Although Plaintiff failed to respond to Defendant's Motion for Summary Judgment, the Court has considered the undisputed material facts and supporting evidence in Defendant's motion, and the Court finds that summary judgment is appropriate in this case under Rule 56. Accordingly, Defendant's motion is GRANTED.

IT IS SO ORDERED this 14th day of July, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE